Filed 10/14/20  P. v. Flett CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RICHARD L. FLETT, JR., <br><br> Defendant and Appellant. | F078254 <br><br> (Super. Ct. No. BF168838A) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Judith K. Dulcich, Judge.

Jake Stebner, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Poochigian, Acting P.J., Detjen, J. and Meehan, J.

Appellant Richard L. Flett, Jr., appeals following his convictions on one count of transporting or selling a controlled substance (Health & Saf. Code, § 11379, subd. (a); count 1) and one count of possessing for purposes of sale a controlled substance (Health & Saf. Code, § 11378; count 2). Appellant contends, and the People agree, that recent changes to Penal Code[1] section 667.5 retroactively apply to his case and render his sentence improper to the extent it includes a one-year prison prior enhancement under that section. Additionally, appellant requests we conduct a *Pitchess*[2] review in this case. For the reasons set forth below, we modify the judgment and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In June 2017, appellant was stopped by police after failing to stop his bicycle at a stop sign. Appellant allegedly agreed to let officers search his person. As a result of that search, they found 46.45 grams of methamphetamine, $75 in various bills, a metal dish, a digital scale, and three cell phones. After his arrest, appellant allegedly told officers he would bail out and begin selling again. Appellant was charged with count 1 and count 2, both counts included additional allegations appellant suffered a previous prior felony conviction under sections 667 and 1170.12 and that appellant previously served a separate prison term for being a felon in possession of a firearm in violation of section 29800 under section 667.5.

Relevant to this case, prior to trial appellant sought discovery under *Pitchess* with respect to one of the officers involved in his arrest. On assertions the alleged consent to search and alleged statement regarding selling drugs were fabricated, appellant requested and the court granted discovery of information contained in the officer's personnel records related to the following: "(1) false statements in reports, (2) fabrication of witness testimony in reports, (3) false testimony, (4) falsification of probable cause

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

and/or reasonable suspicion, (5) acts involving moral turpitude, and (6) any other evidence of or complaints of dishonesty regarding" the officer. The court later held an in-camera review of any responsive documents and concluded the records contained nothing responsive.

Appellant was tried on the charges and ultimately convicted. Appellant received an upper term sentence of nine years on count one, which included a one-year enhancement under section 667.5. His sentence on count 2 was stayed pursuant to section 654. The court specifically denied requests to dismiss his prior and to dismiss his enhancement under section 667.5. This appeal timely followed.

## DISCUSSION

Appellant requests a review of the *Pitchess* proceedings in this case and, in a supplemental brief, contends the one-year enhancement under section 667.5 must be stricken due to recent changes enacted by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136).

### *Senate Bill 136*

Appellant contends, and the People agree, that his prior prison term enhancement must be stricken based on the retroactive application of Senate Bill 136.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1.) As this court previously held, the amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340–343.) We therefore agree with appellant and the People that appellant's prior prison term enhancement must be stricken. We note that because the trial court imposed the maximum possible sentence, remand for the court to consider alternative sentencing options is unnecessary. (*Id*. at p. 342.)

3.

## *Pitchess Review*

Appellant also requests, and the People do not oppose, a review of the *Pitchess* proceedings in this matter.

*Pitchess* motions are the well-settled mechanism by which defendants can screen law enforcement personnel files for evidence that may be relevant to their defense without compromising the officer's reasonable expectation of privacy in those records. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1225 (*Mooc*).)  This process is effectuated by having a custodian of records collect all potentially relevant documents from identified personnel files and present them to the trial court.  The custodian "should be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion." (*Id.* at 1229.)

The trial court must then make a record of what documents it has examined to permit future appellate review.  (*Mooc*, *supra*, 26 Cal.4th at p. 1229.)  "If the documents produced by the custodian are not voluminous, the court can photocopy them and place them in a confidential file.  Alternatively, the court can prepare a list of the documents it considered, or simply state for the record what documents it examined." (*Ibid.*)  These proceedings are then sealed.  (*Ibid.*)

Upon appeal, we independently examine the record made by the trial court "to determine whether the trial court abused its discretion in denying a defendant's motion for disclosure of police personnel records." (*People v. Prince* (2007) 40 Cal.4th 1179, 1285.)

We have reviewed the full set of transcripts and documents relevant to this issue. The trial court properly complied with the required *Pitchess* procedures.  A custodian of records was present and placed under oath, indicating they had brought all responsive documents with them.  In this case, the court asked whether there were potentially

4.

responsive documents.  The custodian confirmed there were none.  The court stated for the record that it went further, reviewing the officer's personnel file and finding no responsive documents.  These proceedings were stenographically recorded.  (*Mooc*, *supra*, 26 Cal.4th at p. 1229.)  The personnel file, although identified as nonresponsive, was preserved by the trial court and reviewed by this court.  No responsive documents were located within.

## DISPOSITION

The prior prison term enhancement under section 667.5 is stricken.  With this modification, the judgment is affirmed.

The trial court is directed to cause to be prepared an amended abstract of judgment reflecting said modifications.  The court shall forward a certified copy of the same to the appropriate authorities.